## Bryan's Estate

*J. G. Berry*, of *Braham, Cobau & Berry*, and *Brandon, Brandon & Ross*, for petitioner.

*William McElwee, Jr.*, contra.

CHAMBERS, J., February 14, 1935.—This case was argued before the court in banc on rule issued on petition praying that the decree of court setting apart to Leona Bryan, alleged daughter of decedent, certain personal property as an exemption, be set aside.

The petition is presented by John M. Wigton, who claims to be a creditor in the estate of the said Robert S. Bryan, deceased. He alleges in his petition that he had no knowledge of this claim until after the final confirmation thereof, and further alleges that Leona Bryan is not a child of Robert S. Bryan but is only an adopted child and for that reason is not entitled to claim an exemption from his estate. The answer filed alleges knowledge of these proceedings and knowledge of this claim communicated to Brandon, Brandon and Ross, attorneys for the petitioner in Butler, Pa., and to J. Glenn Berry, of Braham, Cobau and Berry, attorneys for the petitioner in this matter, prior to the final confirmation of the exemption.

The case came on for argument without the taking of testimony, and, by admissions orally made at the time of the argument, it would seem that attorneys for the petitioner had knowledge of the filing of this claim for exemption before its confirmation, and if this be the status, then exceptions should have been filed before the confirmation absolute, and failure in this regard would warrant the court in dismissing the petition. However, the merits of the matters presented in the petition present an interesting question, and the case having come before us without the taking of any testimony, we are inclined to consider the case upon its merits and make disposition thereof on the question raised.

It is established by the record in the case that Leona Bryan was adopted by the decedent on September 29, 1930, at no. 1, December term, 1930, of our orphans' court; that at the time of the death of Robert S. Bryan, she was a minor and was a member of his family, residing in the Borough of Ellwood City, this county. It is contended on the part of the petitioner that an adopted child, although a minor, and forming a part of the decedent's family and household, is not entitled to claim any exemption under the laws of this Commonwealth.

Section 12 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, provides as follows:

"The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family of any decedent dying, testate or intestate, within this Commonwealth . . . may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars; and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children."

It is further provided in subsection (e) thereof:

"1. In the case of any decedent leaving to survive him any minor child or children forming part of his family, and no widow, his administrator or executor, without request made to him by anyone, shall have appraised and set aside, for the use and benefit of all such minor children of said decedent, property to the full value of five hundred dollars."

The exemption in this estate was made in accordance with the section last quoted.

It is the contention of the petitioner that this language includes only natural children and does not include adopted children. So far as we have been able to discover, this question has not been before any of our courts. It is true that, in a number of cases, it has been held that the law makes a distinction between a natural and an adopted child and this is particularly true in the construction of wills. In Puterbaugh's Estate, 261 Pa. 235, Mr. Justice Stewart, speaking for the court, gives an able discussion of this question. However, we have not here the question of the interpretation of a will, but the interpretation of the statutes. The adoption in this case was under the Act of April 4, 1925, P. L. 127, and the decree of adoption was made in accordance with the provisions of that act, whereby it was decreed that the child, Leona Bryan, should have all the rights of a child and heir of the said Robert S. Bryan, and be subject to the duties of such child. We think, therefore, that the same power, to wit, the legislative power of our State, conferred upon Leona Bryan, by this act, all the rights of a child of Robert S. Bryan; and that same authority gives to any child of Robert S. Bryan, forming a part of his family, the right to claim an exemption in his estate if no widow survives him. It seems clear to us that the legislature intended to give to the adopted child all the rights that a natural child of his would have, including the right to claim an exemption in his estate. It is conceded, and well established by authority, that such child can share as an heir and next of kin in the adopting parents' estate. The petitioner contends, however, that the exemption not passing by will or under the intestate laws, would not come within the general rule, and, in order to be effective to adopted children, it would be necessary to explicitly name such in the exemption act. We are not of this opinion. It will be noted that the exemption act does not restrict its application to natural children, in fact it does not expressly say his children, but says the "children forming a part of his

family". This was the act in force at the time of the passage of the Adoption Act. It will be noted that section 4 of the Act of April 4, 1925, P. L. 127, does not limit the rights of the adopted child to the right to inherit alone, but says that such child shall have "all the rights of a child and heir of such adopting parent or parents".

It appears to us that it would be foolish to say that, under this language, a child could inherit property from its adoptive parents but would be barred from claiming an exemption in the same estate. Surely its rights in one respect would be just as great as in the other.

We are therefore of opinion that Leona Bryan had a right to have set apart to her, personal property of her adoptive father to a value not exceeding $500; that the proceedings in this case are regular, and that the petition should be dismissed.

### Order

Now, February 14, 1935, the rule issued on the petition of John M. Wigton is discharged, and the petition dismissed at the cost of the petitioner.