14 So.2d 145

## MEEKS v. CORNELIUS et al.

### 6 Div. 143.

Supreme Court of Alabama.

June 10, 1943.

Rehearing Denied June 30, 1943.

Roy McCullough, of Birmingham, for appellant.

J. T. Johnson, of Oneonta, for appellees.

BROWN, Justice.

On the petition of the appellant, as an alleged heir at law, the estate of James W. Walker, deceased, pending in the Probate Court of Blount County, was removed from said court into the circuit court, sitting in equity, and thereafter by answer filed to the petition for removal, the administrator de bonis non, of said estate, denied and contested said petitioner's alleged heirship.

The circuit court set the matter down for hearing on this issue, and on submission for final decree, on quasi record evidence and testimony given ore tenus, denied the petitioner relief, dismissed his petition and remanded the administration of the estate to the probate court.

The appellant's claim of heirship is rested upon the fact that he is a son of Bertie Mae Jackson who was adopted by James W. Walker, in November, 1902, by a declaration filed under Section 5202 of the Code of 1907, which so far as here material provided: "Any person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal or to change the name of one previously adopted, may make a declaration in writing attested by two witnesses, setting forth the name, sex, and age of the child he wishes to adopt, and the name he wishes it thereafter to be known by, which, being acknowledged by the declarant before the judge of probate of the county of his residence, filed and recorded as in the two preceding sections, has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one stated in the declaration."

There is an absence of proof that said Bertie Mae Walker is dead, and that she died subsequent to the death of James W. Walker. Manifestly, therefore, the petitioner, appellant here, failed to support the allegation of his petition that he was such heir.

It is well settled that the right of adoption is purely statutory, and in derogation of the common law, and unless the statute by express provisions or necessary implication confers on the children of an adopted child the right of succession, such children do not inherit from the adopting parent. Buttrey v. West et al., 212 Ala. 321, 102 So. 456; Am.Juris. 622, §§ 63, 64; Russell v. Russell, 84 Ala. 48, 3 So. 900.

In the absence of proof that the adopted daughter, Bertie Mae, is not still living, the alleged claim of appellant is not even colorable. Our observations are predicated on the law as we find it prior to the acts brought forward in the Code of 1940, Tit. 27, §§ 1-9 not here applicable.

There is no error apparent on the record. Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.