82 So.2d 247

John FRANKLIN

v.

Russell L. WHITE.

6 Div. 867.

Supreme Court of Alabama.

Aug. 18, 1955.

Kingman C. Shelburne, Birmingham, for appellee.

Morel Montgomery, Birmingham, for appellant.

GOODWYN, Justice.

The single question for decision is whether an adoptive parent inherits from his adopted child.

The appellant, John Franklin, adopted Ruby Louise White on July 3, 1924, by a written declaration of adoption acknowledged by him before the Judge of Probate of Jefferson County, Alabama, and recorded in said probate office, all in accordance with the then existing law. § 5202, Code 1907, as amended by Act No. 132, approved March 11, 1911, Gen.Acts 1911, p. 114. The same law was carried into the 1923

Code as § 9302, which went into effect on August 17, 1924, pursuant to Proclamation by the Governor of July 17, 1924. At the time of adoption, Ruby Louise White was 15 years of age. In appellant's declaration of adoption he stated that "he wishes her hereafter to be known by her present name, and desires that she inherit his estate. all as provided by Section 5202 of the Code of Alabama, as amended by the Act of the Legislature of Alabama entitled 'An Act to amend Section 5202 of the Code of Alabama', approved March 11, 1911."

Ruby Louise White died intestate in Jefferson County, Alabama, on December 23, 1953, leaving a personal estate of an estimated value of $6,000. Her natural parents predeceased her. Letters of administration, issued on the petition of Russell L. White, named as her only surviving heirs at law her natural brothers and sister, viz.: the petitioner, Russell L. White, Louie White, John L. Franklin, Jr., and Lorene White. Appellant filed a petition to intervene in the administration proceedings praying that he be declared a legal heir of the intestate and a distributee of her estate. Appellant's claim is based entirely on his relation as adoptive father of the intestate. The Probate Court entered a decree denying him relief. This appeal is from that decree. Code 1940, Tit. 7, §§ 775–776; Hudson v. Reed, 259 Ala. 340, 341, 66 So.2d 909; Purcell v. Sewell, 223 Ala. 73, 74, 134 So. 476; Awbrey v. Estes, 216 Ala. 66, 67, 112 So. 529.

■ The question presented is one of first impression in Alabama. However, this court has recognized the principle that "the right of adoption is purely statutory, and in derogation of the common law", and that unless the statute by express provision or necessary implication confers upon an adoptive relative the right to inherit the property of an adoptive relative who dies intestate, such right does not exist. Benefield v. Faulkner, 248 Ala. 615, 618, 29 So. 2d 1; Meeks v. Cornelius, 244 Ala. 532, 14 So.2d 145.

The prevailing rule is stated in 1 Am.Jur., Adoption of Children, § 55, pp. 654–655, as follows:

"The view generally taken however, has been that as adoption was unknown to the common law, and rests upon statutes entirely, an adoption varies the incidents of the natural relationship between the adopted child and its kindred by blood only as the statute explicitly so provides, and, accordingly, that the property of an adopted child will descend to its relations by blood rather than to its relations by adoption unless the statute, by explicit provision or necessary construction, excludes the former in favor of the latter. Where the right of adoptive parent to inherit from an adopted child is expressly regulated by statute, the statute is, of course, controlling.

"Under the general rule, it is usually held that the right of inheritance from an adopted child is in its kindred by blood, to the exclusion of the adoptive parents and their kindred, even as to property derived by such child from its adoptive parents."

With these general principles in mind we proceed to an examination of the adoption laws of this state to determine whether the legislature, either by express provision or necessary implication, has, in derogation of the common law, given an adoptive parent the right of inheritance from his adopted child.

The adoption law, as it existed at the time of the adoption of Ruby Louise White in 1924, provided as follows, § 5202, Code 1907, as amended by Act No. 132, approved March 11, 1911, Gen.Acts 1911, p. 114, supra:

"Any person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal, or to change the name of one previously adopted, may make a declaration in writing, attested by two witnesses, setting forth the name, sex and age of the child he wishes to adopt, and the name he wishes it thereafter to be known by, which, being acknowledged by the declarant before the judge of probate of the county of his residence,

filed and recorded as in the two preceding sections has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one stated in the declaration; but if it is desired to adopt such child only ·for the purpose· of changing its name as above provided and of educating and maintaining such child, the declaration shall expressly state that such child shall not inherit the estate of the declarant. For services under this chapter, the judge of probate is entitled to a fee of one dollar. But the judge of probate may, on petition of said child, or the party adopting the child, after notice given as prescribed by him and after hearing and for good cause shown, by a decree to be entered of record, annul in whole or in part any such declaration whereby any child has been adopted under the provisions of this section."

The applicable law as of the time of Ruby Louise White's death in 1953 was, in pertinent part, as follows, Code 1940, Tit. 27, § 5:

"* * *. When the final decree of adoption shall have been entered, the natural parents of the child if living shall be divested of all legal rights and obligations due from them to the child or from the child to them; and the child shall be free from all legal obligations of obedience or otherwise to such parents; and the adopting parent or parents of .the child shall be invested with every legal right in respect to .obedience and maintenance on the part of the child as if said child had been born to them in lawful wedlock, and the child shall be· invested with every legal right, privilege, obligation, and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock. Nothing in this chapter shall be construed as debarring a legally adopted child from inheriting property from its natural parents or other kin."

Appellant contends, and ·appellee· agrees, that appellant's rights are to be determined by the law in effect at the time of the child's death rather than the law in effect· at the time of her adoption. That appears· to be the generally accepted rule, 2 C.J.S., Adoption of Children, § 64, p. 458; and we· have so considered this case.

Appellant takes the position that §: 5, Tit. 27, supra, particularly the phrase that "the natural parents of the child if living shall be divested of all legal rights and obligations due from them to the child or from the child to them", operates to divest the children of the natural parents, that is, the adopted child's natural brothers and sister, of any rights which they might otherwise have in the adopted child's estate. We see nothing in the quoted phrase justifying that interpretation. The Ohio Court of Appeals, in National Bank of Lima v. Hancock, 85 Ohio App. 1, 88 N.E.2d 67, 74, was called upon to answer a similar contention in construing a phrase from their adoption statute identical to the one relied on here by appellant. What was there said is sufficient, we think, to dispose of the contention, viz.:

"The first amendment on which they [the adoptive kin of a deceased adopted child] rely as sustaining this contention, is the amendment of the statute in 1921, whereby the phrase, 'the natural parents * * * shall * * * be divested of all legal rights and obligations in respect to the child', was changed to read 'the·natural parents of the child, if living, shall be divested .of all legal rights and obligations due from them to the child or from the child to them.'

"They argue that this amendment had the effect of cutting off the child for every purpose from her natural blood kin, including her right to transmit by inheritance to such blood. kin.

"The phrase, as amended, does not explicitly prescribe rights of inheritance varying from those incident to the natural relationship ·between the adopted child and its kin by blood, so that, under the Upson case [35 Ohio St. 655],

the change in the form of the statute cannot be construed as affecting rights of succession and inheritance, and its application is limited to rights other than rights of succession and inheritance."

■ Appellant further contends that the phrase, "the adopting parent or parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been born to them in lawful wedlock", should be construed as vesting in the adoptive parent the right to inherit from his adopted daughter. We find no merit in this contention. It may be answered by simply pointing out that the legislature has seen fit to limit the adoptive parents' "legal rights" to rights of "obedience and maintenance".

According to the weight of authority "the general statutes of inheritance are modified and set aside by statutes regulating the effect of adoption only so far as there is some specific provision in the statutes for adoption inconsistent with the application, in such cases, of the general inheritance statutes." Baker v. Clowser, 158 Iowa 156, 138 N.W. 837, 839, 43 L.R.A.,N.S., 1056; Edwards v. Yearby, 168 N.C. 663, 85 S.E. 19, L.R.A.1915E, 462; Hole v. Robbins, 53 Wis. 514, 10 N.W. 617; In re Kay's Estate, 127 Mont. 172, 260 P.2d 391; McKinney v. Minkler, Tex.Civ.App., 102 S.W.2d 273; Upson v. Noble, 35 Ohio St. 655; White v. Dotter, 73 Ark. 130, 83 S.W. 1052; Dodson v. Ward, 31 N.M. 54, 240 P. 991, 994, 42 A.L.R. 521; National Bank of Lima v. Hancock, supra; Russell v. Jordan, 58 Colo. 445, 147 P. 693.

■ Under our general statutes on descents and distributions, Code 1940, Tit. 16, §§ 1(5), 10, the property of Ruby Louise White goes to her natural brothers and sister, her natural parents having predeceased her. And unless there is "some specific provision in the statutes for adoption inconsistent with the application" of the descent and distribution statutes the latter control. It seems too clear to admit of argument that our present law of adoption confers the right of inheritance on the adopted child only, and must be confined to that. We see no necessity of referring to the numerous cases from other jurisdictions construing adoption statutes with varying provisions. We are satisfied to rest our decision on the provisions of our own statute, which, it seems to us, clearly confers on the adopted child the right to inherit from the adopting parent but does not confer on the adopting parent the right to inherit from the adopted child.

■ Appellant earnestly insists that to deprive an adoptive parent of the right of inheritance from his adopted child would, in many cases, result in harsh and unreasonable consequences inconsistent with the principles of equity and justice. To this insistence we must answer that the right of inheritance by an adoptive parent from his adopted child must be given solely by statute and cannot be based on principles of equity.

What was said by the Supreme Court of Oregon in In re Frazier's Estate, 180 Or. 232, 177 P.2d 254, 261, 170 A.L.R. 729, is particularly appropriate here:

" * * * we cannot now liberalize the statute and bring others into that relationship in order to prevent a result which is, perhaps, as distasteful to the court as to counsel for the defendants [appellants].

"Adoption is controlled wholly by statute * * * as are the descent and distribution of intestate property. * * * We must take the adoption statute as we find it. If it has features which do not accord with the enlightened humanitarianism of our day, that is a matter of policy, which is in the keeping of the legislature and not the courts. If, by making an adopted child a member of the family in every sense, adoptions will be encouraged, that likewise is a consideration of policy. The legislature is now sitting, and may in its wisdom see fit so to amend the statute as to bring it into harmony with what some may think to be the better social policy of the age in which we live."

The decree of the Probate Court is due to be, and is, affirmed.

Affirmed.

LAWSON, MERRILL and MAYFIELD, JJ., concur.