FAULKNER, Justice.
This is an appeal from a final decree holding that Dorothy Fenn Blackwell was entitled to inherit the real property of W. A. Reynolds, deceased. We affirm.
W. A. Reynolds died June 19, 1909, leaving a last will and testament dated September 18, 1908. The will was admitted to probate in Bullock County, the county of his residence at death.
Reynolds was survived by his widow, Myrtle P. Reynolds, and Willa Reynolds, his daughter. Myrtle never remarried, and died intestate Christmas Day, 1943, survived by Willa.
After her father’s death, but before her mother’s death, Willa married C. W. Fenn. No children were born of this wedlock; however, they legally adopted Fenn’s niece, Dorothy, December 17, 1923, and gave her the name Fenn. Subsequently, Dorothy, through marriage, became Dorothy Fenn Blackwell.
*1107 The question before the trial court, and now before this Court on appeal, is whether Dorothy, the adopted child of Willa Reynolds, may inherit the real property of W. A. Reynolds, consisting of 1,085 acres. Our answer is yes.
By the second paragraph of his will, Reynolds left the land to his wife for and during the period of her widowhood, or her natural life. In the third paragraph of the will, Reynolds devised the remainder of the property to Willa for her natural life, after the death or remarriage of Myrtle. By Paragraph Fourth, Reynolds provided as follows:
“FOURTH: —It is my will that at the time of the death of my said daughter Willa Reynolds, the said property herein-above devised and bequeathed to her for and during the period of her natural life, shall descend to and vest in whatever child or children the said Willa Reynolds may leave surviving her to have and to hold to them in equal shares absolutely, but in the event the said Willa Reynolds shall die without leaving any child or children surviving her or shall die without leaving any children surviving her prior to the marriage of my said wife, Myrtle P. Reynolds, the said property herein devised and bequeathed unto her shall revert to and vest absolutely in my next of kin upon the marriage or death of my said wife; and it is further provided that in the event of the death of my said daughter, Willa Reynolds, with a child or children surviving her, prior to the marriage or death of my said wife, Myrtle P. Reynolds, it is my will that all the said property hereinabove devised and bequeathed unto the said Willa Reynolds shall descend to and vest absolutely in said child or children so left her at and upon the marriage or death of my said wife, Myrtle P. Reynolds.”
The appellants contend that Mrs. Blackwell cannot inherit the property because the 1886 statutory law in effect at the time of W. A. Reynolds death, and this Court’s decision in Russell v. Russell, 84 Ala. 48, 3 So. 900 (1887) forbid it. The statute, § 2367, Code of 1886, provides that any person desiring to adopt a child so as to make it capable of inheriting his estate, real or personal, may make a declaration in writing, which, being acknowledged by the probate judge of the county of his residence, has the effect to make the child capable of inheriting the estate of the de-clarant. Russell interpreted this statute as being confined to cases of intestacy, or property left undisposed of by the will. Thus, an adopted child of the testator could not share with the testator’s natural child, under the provisions of his will executed before the adoption, devising property to the testator’s “children.” As lateral support to the 1886 statute, and Russell, appellants cite Gamble v. Cloud, 263 Ala. 336, 82 So.2d 526 (1955), construing Franklin v. White, 263 Ala. 223, 82 So.2d 247 (1955), an opinion authored by Mr. Justice Goodwyn. Gamble, in a per curiam opinion, concurred in by Mr. Chief Justice Livingston and Justices Lawson, Stakely, and Merrill, is quoted by appellants as holding that “the law providing for inheritance by an adopted child, or by the adoptive parent as an heir of the child, in effect at the time of the death of the person whose estate is involved, is controlling.” While the per cu-riam opinion stated this to be the settled law, based upon Franklin, we do not read Franklin as so holding. The single question in Franklin, an intestacy case, was whether an adoptive parent may inherit from his adopted child. Justice Goodwyn stated that “ . . . our present law of adoption confers the right of inheritance on the adopted child only, and must be confined to that. . [0]ur . . . statute . clearly confers on the adopted child the right to inherit from the adopting parent . .” The “controlling law” considered in Franklin was § 5202, Code 1907[1] *1108 and § 5, T. 27, Code 1940[2] mentioned by Justice Goodwyn.
As to Russell, relied on by the appellants, we opine that the language of the opinion contravenes that of the statute. For example, the opinion says, “If the word ‘inheriting’ had been left out of our statute, we think it would probably be our duty to hold that an adopted child would take under the term ‘children.’ ” One would be perplexed to know any other word the legislature could have used other than “inheriting” when it enacted the statute, unless they wanted to use the verb “inherit,” rather than the verbal “inheriting.” We, therefore, hold that Russell cannot either be reconciled with any logic or the rule of law insisted upon by the appellants, i. e., the testator’s intent must control.
Recent decisions of this Court have held that in the absence of a contrary intent clearly appearing, adopted children may inherit from their adoptive parents. See, McCaleb v. Brown, 344 So.2d 485 (Ala.1977); Zimmerman v. First National Bank of Birmingham, 348 So.2d 1359 (Ala.1977); Southside Baptist Church v. Drennen, 362 So.2d 854 (Ala.1978); Gotlieb v. Klotzman, 369 So.2d 798 (Ala.1979). Here, we find from reading his will that Reynolds’ intent did not exclude an adopted child when he executed his will. (This finding conforms to our recent decisions concluding that regardless of whether the will is executed before or after the 1931 amendment to the adoption statute, the intent of the testator controls.) Reynolds devised to “whatever child or children the said Willa Reynolds may leave surviving her” after her death. The phrase “whatever child” is interpreted by us to mean that Reynolds intended to include an adopted child of Willa Reynolds. We believe this to be a logical interpretation as well as one of common sense.
We hold that Dorothy Fenn Blackwell, the adopted child of Willa Reynolds, is entitled to inherit the property under the will of W. A. Reynolds.
The decree of the trial court is affirmed.
AFFIRMED.
EMBRY, J., concurs.
TORBERT, C. J., and BLOODWORTH and ALMON, JJ., concur specially.

. Section 5202, Code 1907.
Any person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal, or to change the name of one previously adopted, may make a declaration in writing, attested by two witnesses, setting forth the name, sex and age of the child he wishes to adopt, and the name he wishes it thereafter to *1108 be known by, which, being acknowledged by the declarant before the judge of probate of the county of his residence, filed and recorded as in the two preceding sections has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one stated in the declaration; but if it is desired to adopt such child only for the purpose of changing its name as above provided and of educating and maintaining such child, the declaration shall expressly state that such child shall not inherit the estate of the declarant. For services under this chapter, the judge of probate is entitled to a fee of one dollar. But the judge of probate may, on petition of said child, or the party adopting the child, after notice given as prescribed by him and after hearing and for good cause shown, by a decree to be entered of record, annul in whole or in part any such declaration whereby any child has been adopted under the provisions of this section.

. Code 1940, T. 27, § 5.
* * * When the final decree of adoption shall have been entered, the natural parents of the child if living shall be divested of all legal rights and obligations due from them to the child or from the child to them; and the child shall be free from all legal obligations of obedience or otherwise to such parents; and the adopting parent or parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been bom to them in lawful wedlock, and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock. Nothing in this chapter shall be construed as debarring a legally adopted child from inheriting property from its natural parents or other kin.