## Jenkins *v.* Jenkins.

The adoption of an illegitimate child by the father and his wife, under the statute, does not render such child his "issue" so as to defeat a remainder created by will, and made contingent upon his leaving no issue.

Writ of Entry. Facts agreed by the parties. Timothy Jenkins died in 1830, leaving a will which contained this clause: "I also give and bequeath to my son, William A. Jenkins, all my estate, both real and personal, of every description not otherwise disposed of; and if the said William should die leaving no issue, then my will is that it should go to the next surviving brother." The defendant is the widow of William A. Jenkins, who died in June,

1886, never having had issue by her. By his will he gave to the defendant all his estate, real and personal. On the death of William A. Jenkins, the plaintiff, David S., became "next surviving brother."

About 1855 William A. Jenkins became the father of an illegitimate daughter, which at an early age was taken by him and the defendant to their home, and was brought up by them as a member of their family and treated as their child, until her marriage, about 1882, when she went away to live with her husband.

In 1887, upon the joint petition of William A. Jenkins and the defendant, a decree of adoption of this natural daughter was made by the probate court of the county of Strafford.

The demanded premises are within the operation of the clause of Timothy Jenkins's will above recited.

*R. J. Pike*, for the plaintiff.

*J. G. Hall*, for the defendant.

ALLEN, J. The land demanded was a part of the testator's estate devised to William A. Jenkins, and if he should die leaving no issue, then it should go to the next surviving brother. It was a devise giving William an estate for life, which might become a fee upon his having and at his death leaving issue; and leaving no issue, the plaintiff, the next surviving brother, would take the fee by way of executory devise on a definite failure of issue. *Hall* v. *Chaffee*, 14 N. H. 215; *Bell* v. *Scammon*, 15 N. H. 381; 2 Washb. R. P. (3d ed.) *p.* 635.

William died leaving no lawful issue, but leaving an illegitimate daughter, who at the age of twenty-three was formally adopted by him as his child. He also left the defendant, his widow, to whom by will he devised and bequeathed all his property, and ever since his death she has been in possession of the land in question, claiming it as part of her husband's estate.

By statute, " the word 'issue,' as applied to the descent of estates, shall include all the lawful lineal descendants of the ancestor." G. L., *c.* 1, *s.* 19. Giving a construction to the word " issue " according to the statutory definition, it could not be made to include the natural child of William, and he left no issue at his death within the meaning of the word as used in the will, unless the proceedings for adopting the child constituted her such issue, and unless the statute under which the adoption was made applies to the case.

The statute for the adoption of children (G. L., *c.* 188) provides (*s.* 4) that the adopted child shall be, " for the purpose of inheritance by such child and all other legal consequences and incidents of the natural relations of parents and children, the child of the parents by adoption the same as if he had been born to them in

lawful wedlock, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption." The property here was not expressly limited to the heirs of the body of William Jenkins, nor to his heirs generally, nor to his issue. The devise over was to the plaintiff, who would take at William's death if he died leaving no issue. Adhering to the statutory definition of the word "issue," and to the meaning generally given to the word at common-law, it was as if the testator had devised the land to the plaintiff upon William's dying leaving no heirs of his body nor issue of such heirs, and it could not be the legal consequence of the adoption of a child not such an heir, that the contingency upon the happening of which the plaintiff would take the property was prevented, enlarged, or changed to a different one after the death of the testator, when the will took effect. The intention of the testator clearly was, that William should have the property, and that his estate should be a fee, or one for life, according as he left lawful issue or not at his death. And it was his intention, equally clear, that if William died leaving no lawful heirs of his body, the plaintiff, surviving him, should have the estate. That intention could not be defeated by the substitution, after the testator's death, of a different event from the one intended by him, nor by the attempt to supply the want of an heir of the body by any other than the natural, ordinary, and lawful means. The testator could not have contemplated the adoption of a child to supply the want of an heir to William. He could not have intended by the word "issue" a child unlawfully begotten, and never made legitimate by marriage with the mother. He intended an heir in fact, and not one created for the purpose by subsequent legislation and judicial proceedings. He intended the lawful issue of his son William, and that upon his death leaving no such issue, the plaintiff should take the estate.

If the adopted child, not being before an heir, can by statute be created one for the purpose of inheritance, such a statute cannot be used to defeat the manifest intention of the testator, which is controlling in the construction of wills. The statute for the adoption of children was enacted in 1862, more than thirty years after the death of the testator, and it could not operate retrospectively upon the will already effectual, so as to turn a devise into a different channel from that selected by the testator, nor put it in the power of one having an opposing interest to change, enlarge, or prevent the happening of a contingency upon which, as intended by the testator, the transmission of the estate depends. Though the estate did not at the testator's death vest in the plaintiff, he had a prospective interest to be realized upon the happening of an event, namely, the failure of lawful issue to his brother William at his death. It was an interest which could be lawfully conveyed or devised; and a subsequent law, which empowered his brother by

artificial means to supply the want of such issue, and prevent the contingency of failure, could not reach back to change or defeat the intention of the testator, already made effective by his death. To give the law such an effect, and make it apply to such a case, would be within the condemnation of the Bill of Rights, declaring retrospective laws to be oppressive and unjust, and the legislature could not have intended such an application of the statute.

The devise was one giving to the plaintiff the land in the case of William Jenkins dying and leaving no lawful issue. That contingency happened upon William's death, and the plaintiff's right is not defeated either by the adoption of the child, or by William's will in favor of the defendant, and the plaintiff is entitled to recover the land.

*Judgment for the plaintiff.*

CARPENTER, J., did not sit: the others concurred.