## Puterbaugh's Estate.

*Wills—Construction—Gift to children of testator's son—Subsequent adoption of child by son—Intention.*

1. The law makes a distinction between a natural and an adopted child.  It gives the latter· the right to inherit but does not change his identity or make him a child in fact.

2. Ordinarily and by common usage the word children is understood to mean immediate offspring or descendants.

3. Courts are disposed to confine and limit the word children in its application, when it occurs in a will, to its natural import, except where the testator has clearly shown by other words that he intended to use the term in a more extensive sense.

4. Under a bequest to children, grandchildren and other remote issues are excluded, unless it be the apparent intention of the testator, disclosed by his will, to provide for the children of the deceased child; but such construction can only arise from a clear intention or a necessary implication, either (1) when the will would remain inoperative unless the sense of the word "children" were extended beyond its natural import, or (2) where the testator has clearly shown by other words that he did not intend to use the

term "children" in the proper actual meaning, but in a more extensive sense.

5. Testator gave his residuary estate in trust for his son for life, and on his death "absolutely to his child or children and their heirs .....,.in the event of my said son......dying without leaving any child or children then" over. The son died leaving no natural-born child or children, but was survived by a child adopted four years after the death of the testator. There was nothing in the will suggesting that so far as testator knew the adoption of a child was contemplated by his son and there was no evidence of extrinsic facts indicating that testator intended that any one not of his blood should share in his bounty. *Held,* (1) the adopted child was not a child within the meaning of the will, and (2) the gift overtook effect.

Argued March 12, 1918. Appeal, No. 52, Jan. T., 1918, by H. P. Robins and Edwin Robins, from decree of O. C. Monroe Co., dismissing exceptions to adjudication in Estate of Isaac T. Puterbaugh, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed

Exceptions to adjudication. Before SANDO, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed exceptions to the adjudication. H. P. Robins and Edwin Robins appealed.

*Error assigned,* among others, was the decree of the court.

*Wilton A. Erdman,* for appellants.—The adopted child of testator's son was not a child within the meaning of the will: Schafer v. Eneu, 54 Pa. 304; Kohler's Est., 199 Pa. 455; Bealor's Est., 23 D. R. 1117.

Where the description of the beneficiary in a will defines merely a legal status it includes all who hold the status, but where it defines a fact, those only can claim its inclusion who conform to the fact: Freeman's Est. (1), 40 Pa. Superior Ct. 31; Edwards' App., 108 Pa. 283;

Green's App., 42 Pa. 25; Hughes' Est., 225 Pa. 79; Miller's App., 52 Pa. 113; McGunnigle v. McKee, 77 Pa. 81; Johnson's App., 88 Pa. 346.

The word children is a word of personal description: Guthrie's App., 37 Pa. 9.

The word children does not include grandchildren, illegitimate children or adopted children: Hunt's Est., 133 Pa. 260; Castner's App., 88 Pa. 478; Page's Est., 227 Pa. 288; Appel v. Byers, 98 Pa. 479; Bealafeld v. Slaughenhaupt, 213 Pa. 565; Wettach v. Horn, 201 Pa. 201; Phillip's Est., 17 Pa. Superior Ct. 103; Schafer v. Eneu, 54 Pa. 304; Freeman's Est. (1), 40 Pa. Superior Ct. 31.

*A. Mitchell Palmer*, with him *C. Raymond Bensinger*, for appellee.

OPINION BY MR. JUSTICE STEWART, April 22, 1918:

Isaac T. Puterbaugh, late of Monroe County, died 26th March, 1889, testate, leaving to survive him a son, Harrison S., who at that time was about forty years of age, married, but without children. This son, Harrison S., died intestate 26th May, 1916, leaving a widow, no natural born child or children, but an adopted child, Edna, who had been adopted by him under a decree of court of 29th May, 1894, and is here the appellee, now Mrs. Edna Puterbaugh Marsh. By the will of Isaac T. Puterbaugh, he directed, inter alia, as follows: "Fifth, All the rest and residue of my estate consisting of personal property, I give and bequeath to my executor hereinafter named, in trust for the following purpose, viz: That my said executor shall keep the same invested or invest the same in good securities and shall pay the interest and income thereof to my said son, Harrison S., during his natural life, and at his death shall give, assign, and transfer the said estate absolutely to his child or children and their heirs,......in the event of my said son, Harrison S., dying without leaving any child or children then" over. After the death of Harrison S., the trustee filed his ac-

count showing a balance in the trust fund of $7,925.66, which the auditing judge, Hon. M. F. Sando, specially presiding, awarded, after payment of costs and expenses, to Mrs. Edna Puterbaugh Marsh, the adopted child of Harrison S. To this final order exceptions were filed by H. P. Robins and Edwin Robins, who claim the entire fund as residuary legatees to whom the entire fund resulted under the will in the event of Harrison S. dying without leaving child or children. Upon the exceptions being overruled, this appeal was taken. It brings before us the single controverted question of who is entitled to the fund, whether the adopted child of Harrison S., or the residuary legatees under the will of the testator, who were to take in the event of Harrison S. dying without child or children. In this as in every other testamentary disposition which becomes the subject of judicial construction or interpretation, the first inquiry must be to ascertain if possible the intention of the testator as expressed in his will, which, once ascertained, must be given effect. The peculiarity here is that while the will is entirely free from ambiguity in itself, inasmuch as the beneficiaries are not mentioned by name, owing to certain conditions and circumstances which arose subsequent to the testator's death, more or less difficulty is encountered when we come to apply it to the person or persons designated by the testator in distinction from all others. The gift here, over upon the death of Harrison S., is to "his child or children and their heirs, ......and in the event of his dying without leaving any child or children, then" over. Whom did the testator understand to be comprehended within the words children of Harrison S. as he here employed them? It is proper enough to assume that he knew of existing legislation that enabled any proper person, by and with the consent of the parent or guardian of a minor child and with the approval of the court, to adopt it as his child and heir; but it is quite as fair and proper to assume that he knew at the same time of the clear distinction

the law makes between natural and adopted children; for instance, that the giving the latter the right to inherit does not make him a child in fact, Com. v. Nancrede, 32 Pa. 389, that one adopted has the rights of a child without being a child, and that the identity of the child is not changed: Schafer v. Eneu, 54 Pa. 304. We derive but little light from these assumptions. A circumstance which we think however goes very far in support of appellant's contention is, that the adoption of this appellee occurred four years after the death of the testator, and nothing is to be found in the will suggesting that so far as testator knew the adoption of a child was then contemplated. Not a single extrinsic fact can be pointed to as indicating that the testator intended that any one not of his blood should share in his bounty, while the will itself may be searched in vain for any indication tending even remotely to show that he so intended. To give the words of the gift to Harrison's child or children a meaning which would include adopted children would be to enlarge them beyond their natural meaning and proper import. This was declared where the effect was made to have the same words include grandchildren in Hallowell v. Phipps, 2 Wharton 276, a case requiring less strain, so at least it seems to the writer, than the effort to enlarge them so as to include adopted children, since ordinarily and by common usage these words are understood to mean immediate offspring, or descendants. In the case referred to Justice ROGERS delivering the opinion of the court, says: "Under a bequest to children, grandchildren and other remote issues are excluded, unless it be the apparent intention of the testator disclosed by his will, to provide for the children of the deceased child. But such construction can only arise from a clear intention or necessary implication; as where there are not other children than grandchildren, or when the term children is further explained by limitation over in default of issue. The word 'children' does not ordinarily, and properly speaking,

comprehend grandchildren, or issues generally. Their
being included in that term is only permitted in two
cases, viz: from necessity, which occurs when the will
would remain inoperative unless the sense of the word
'children' were extended beyond its natural import,
and where the testator has clearly shown, by other
words, that he did not intend to use the term 'children'
in the proper actual meaning, but in a more extensive
sense." We cite this case, not overlooking the lack of
strict analogy, between the cases, the one an effort to
extend the meaning of children in a will so as to include
grandchildren, the other to extend it so as to include
children by adoption, merely to show the disposition of
the courts to confine and limit the word children in its
application, when it occurs in a will, to its natural im-
port, except where the testator has clearly shown by
other words that he intended to use the term in a more
extensive sense. No such word can be found in this
will. In Hunt's Est., 133 Pa. 260, Mr. Justice GREENE,
referring to the rule declared by Mr. Justice ROGERS in
the case above cited, says, "With us it has never been de-
parted from, but has been enforced in many instances,
and never with any abatement of any of its terms......
It is very clear that one of the two exceptions of the
operations of the rule does not exist in the present case.
There are other actual children of the testator, to whom
the words in the codicil do apply, and hence there is no
reason or necessity for departing from the ordinary
meaning of the word 'children,' as designating the lega-
tees mentioned in the codicil. The other exception is,
'where the testator has clearly shown by other words
that he did not intend to use the term "children" in the
proper, actual meaning, but in a more extensive sense.'
All the authorities agree that such intention must clear-
ly appear and if it does not, the word 'children' must be
confined to its ordinary meaning." No reason can be
suggested why this rule should not apply as well to the
case of adopted children as to grandchildren where the

sole inquiry is as to testator's meaning and intention. We think it does so apply.

The case calls for no discussion of the several statutes relating to the adoption of children; these are clearly not involved, for, however, construed they could reflect no light on the one pertinent inquiry which has regard to testator's intention. It is not a question of the right of an adopted child to inherit, but simply a question of the testator's intention with respect to those who are to share in his estate. We see nothing in the will or in the circumstances surrounding it indicating any intention on part of the testator to include in his bequest to the child or children of his son, Harrison S., any but his immediate offspring. The decree awarding the fund to Mrs. Edna Puterbaugh Marsh is reversed, and the record is remitted for distribution in accordance with the views here expressed, the cost to be paid out of the fund.