82 So.2d 526

**Barbara Dell GAMBLE**

v.

**Annie Dell CLOUD et al.**

**4 Div. 842.**

Supreme Court of Alabama.

Sept. 15, 1955.

W. G. Hardwick, Dothan, for appellant.

John W. Rish and H. K. & J. F. Martin, Dothan, for appellees.

PER CURIAM.

This is an appeal from a judgment of the circuit court sustaining a demurrer to the contest of a will, which had been removed into that court, and dismissing it. The contest involves the will of Lilly Dell Feagle who died November 12, 1954.

The contest was filed by this appellant and others jointly, alleging that they are the next of kin of testatrix, and demanded a transfer of it to the circuit court as provided in section 63, Title 61, Code. A transfer was ordered as demanded. Later this appellant filed a separate contest to the probate of the will, and sought to show her right to contest as a person who, had testatrix died intestate, would have been an heir or distributee of her estate, and as the next of kin contestant alleged:

"That Barbara Dell Gamble is the next of kin of the said Lilly Dell Feagle, deceased, and she would have been the sole and only heir and distributee of the estate of Lilly Dell Feagle had she died intestate; that Lilly Dell Feagle, deceased, left no husband, no mother or father, no brother or sister, no children, and Barbara Dell Gamble was and is the adopted daughter of J. L. Dell, deceased; that the said J. L. Dell was a brother of the said Lilly Dell Feagle, deceased, and he preceded the said Lilly Dell Feagle in death several years and that Barbara Dell Gamble was the adopted niece of the said Lilly Dell Feagle, deceased, and that she had no other nieces or nephews at the time of her death; that the said Barbara Dell Gamble is the next of kin of the said Lilly Dell Feagle, deceased. The said Barbara Dell Gamble files in this Honorable Court her objections to and contest of what purports to be the last will and testament of the said Lilly Dell Feagle, deceased, heretofore filed in this Honorable Court for probate on the 18th day of November, 1954, which said purported will bears date of to wit: the 11th day of November, 1954, and has been offered for probate by Annie Dell

J. Hubert Farmer, Dothan, amicus curiae.

Cloud as beneficiary thereunder; and as grounds of objections and contest of the purported said will and the probation thereof, alleges and assigns jointly, separately and severally".

The other contestants also filed a separate contest, alleging they are the next of kin of testatrix, and would have been the sole and only lawful heirs of deceased had she died intestate; that deceased left no children or their descendants, no father or mother, no brothers or sisters or their descendants, and no husband; but that these contestants are her first cousins, and are the surviving children of William B. Bell, deceased, who was an uncle of Lilly Dell Feagle. Their contest is not here involved.

These last named contestants and the proponent, separately demurred to the contest of this appellant. The demurrer of each was separately sustained, and appellant was allowed twenty days in which to amend. This constitutes the first and second assignments of error. Appellant having failed to amend the contest within twenty days, the court dismissed it; and this constitutes the third assignment of error.

This latter judgment was in all respects final insofar as concerned the contest of this appellant, and was appealable to this Court as authorized by Title 61, section 63, Code. Therefore, we will not consider the alternate motion for mandamus which was made by appellant for the purpose of review.

The only issue before us is one of law, and that is whether an adopted daughter of a deceased brother of testatrix has such an interest in the estate, or is so related to testatrix, as to have a right under Title 61, section 63, to contest the probate of the will.

Appellant's brief makes the statement that she was legally adopted by J. L. Dell in 1927. We do not find that allegation in the contest to which demurrer was sustained. But it is not challenged by appellees, so that it will be so treated on this appeal.

The law in effect at the time of the adoption was as set out in the Code of 1923, being section 9302. When testatrix died on November 12, 1954, the Code of 1940, sections 1 to 9, Title 27, was in force—the Code having become effective in 1941.

This Court recently decided the case of Franklin v. White, Ala., 82 So.2d 247, in which several questions were disposed of incidentally affecting the question here presented. Two important principles there settled, and material here, were that the law providing for inheritance by an adopted child, or by the adoptive parent as an heir of the child, in effect at the time of the death of the person whose estate is involved, is controlling; and, second, that if the adopted child dies before the adoptive parent, under the provisions of our statute now in force, as contained in the Code of 1940, the adoptive parent does not inherit from the child. This is so because the statute does not provide for such inheritance and the question is controlled solely by the statute. We have no disposition to re-enter the field there so well cleared.

We do not have here the exact factual status as in the case of Franklin v. White, supra. But the same theories and arguments there cited are pertinent. Section 5, Title 27, Code, is the controlling statute. It undertakes to describe the respective rights and duties of the adoptive parent and child. The adopting parent or parents are "invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been born to them in lawful wedlock, and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock." There is no provision for the child to inherit from collaterals or others than the adoptive parent or parents. The right of in-

heritance is controlled by statute, as said above.

To accept the view of appellant is to hold that an adoptive parent may not only make another his heir, but he can also make an heir to his collateral kin without their knowledge and consent. There are many cases which refuse to accept such a construction of their statute. In re Hewett Estate, 153 Fla. 137, 13 So.2d 904; Reeves v. Lowe, 213 Miss. 152, 56 So.2d 475; Welch v. Funchess, Miss., 71 So.2d 783; Bradley v. Tweedy, 185 Wis. 393, 201 N.W. 973, 38 A.L.R. 1, annotation page 8; In re Harrington's Estate, 96 Utah 252, 85 P.2d 630, 120 A.L.R. 830, annotation page 837. The authorities are legion and the arguments all strongly oppose a different theory of construction.

In the instant case the adoptive father of appellant died before the testatrix whose will is here in question. If he had died after the death of testatrix, he would have been the heir next of kin and inherited from her before his death which would have in turn passed to the adopted child. Allen v. Pugh, 206 Ala. 10(7), 89. So. 470. That not being the situation here involved, that theory has no application.

We are not here concerned with the claim of the cousins of testatrix to contest the will as argued by counsel amicus curiae and, therefore, will not respond to that brief.

The demurrer of the proponent supports the judgment of the circuit court and it should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.