96 So.2d 169

Barbara Lewis PECK

v.

Marguerite Lewis GREEN et al.

6 Div. 738.

Supreme Court of Alabama.

June 14, 1956.

Rehearing Denied June 27, 1957.

Young, Aird & Young, Anniston, for appellant.

Wm. S. Pritchard, Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellees.

**LIVINGSTON, Chief Justice.**

This is an appeal from a decree of the Circuit Court in Equity, Jefferson County, Alabama, in a cause commenced by a bill seeking the division of certain property which is the subject matter of the will of Reuben A. Lewis, Sr., who died in Jefferson County in May, 1935. The cause was submitted on stipulated facts.

In order to make the division prayed for, it was necessary to construe certain portions of the will. The pertinent portions are as follows:

"Item 4: All the rest and residue of the property of which I die seized and possessed, I give, devise and bequeath to my wife, Mattie I. Lewis, and the said Birmingham Trust & Savings Company, as Trustees in trust for the following uses and purposes:—

"(a) The trustees are to take charge of, manage and control, look after and protect all of the property devised by this item of my will as fully and to the same extent and with the same powers as if the absolute owner thereof, and said trustees are authorized, at any time they deem advisable, to sell and convey, at private sale and without order of Court, any or all of the trust property at such price and upon such terms as they deem best, and said trustees are authorized to reinvest the proceeds of any sale of the property by way of loans, or otherwise as they deem best, or use the proceeds or such portion thereof as is deemed necessary for any of the purposes authorized by this will, and in like manner, the trustees may sell and convey any property at any time belonging to the trust estate and in like manner reinvest the proceeds or use the proceeds for any purpose authorized by this Will.

"(b) The Trustees are authorized and directed to pay over to my wife, from time to time, or as and when received, the net income from all the trust property in the custody of the trustees, that is, the income that remains after paying the cost and expense of insurance, protecting or repairing the trust property including taxes or other charges and including all charges incident to the administration of the trust, and in the event the net income is insufficient to furnish my wife a comfortable support and maintenance, including the amount that she may deem necessary to contribute or use in the comfortable support and maintenance of any of my children, then the trustees are authorized to use so much of the corpus of the trust estate as may be necessary to provide a comfortable support and maintenance for my wife and such of my children as my wife deems necessary; my wife to be the

judge of the amount to be paid over to her for these purposes, and the trustees are authorized to sell and convey, at private sale and without order of Court, any of the trust property, and use the proceeds or so much thereof as is deemed necessary for these purposes.

"(c) In the event my wife should be dead at the time of my death, or should die before the time for distribution of my estate under this will, or in the event my wife should become incapacitated or decline to further act as trustee, then it is my will that the Birmingham Trust & Savings Company as trustee shall have and exercise all of the powers conferred upon my trustees under this Will, and the Birmingham Trust & Savings Company as trustee shall be entitled to fair and reasonable compensation for all services performed by it in the execution of this trust, either performed jointly with my wife as trustee or by itself as trustee.

"(d) In the event my wife should be dead at the time of my death, or should die before my youngest child arrives at the age of twenty-five years, then it is my will that this trust shall continue until my youngest child arrives at the age of twenty-five years, and as soon as practicable after my youngest child arrives at the age of twenty-five years, the Birmingham Trust & Savings Company as surviving trustee shall divide the trust property between my children, share and share alike, the child or children of any deceased child taking the share which the parent would have taken if living, and in making division, the trustee is authorized to divide the property in kind or may sell and convey, all or any portion of the trust property and divide the proceeds, or equalize the division with proceeds of sale. There is to be no division of the trust property between my children until The death of my wife, but as soon as practicable after the death of my wife, if my youngest child

be then twenty-five years of age, the said trustee is authorized to make division of the trust property in the manner and way as herein set forth, as soon as practicable after the death of my wife.

"(e) In the event my wife should be dead at the time of my death, or should die before the time for division arrives under the terms hereof, then I direct the Birmingham Trust & Savings Company, as sole trustee to pay over to my children share and share alike, the net income from the trust property, until the time for division arrives under the terms hereof, the child or children of any deceased child taking the share which the parent would have taken if living, and in the event either of my children should, from any cause, be in need of additional funds over and above the net income received by such child, to provide a comfortable support and maintenance, the trustee is authorized to advance to such child from the corpus of the trust estate, such amount from time to time as the trustee deems advisable, the same to be charged against the child as an advancement and taken into account on the final distribution of the trust estate."

This will was executed in 1917, and the testator died in 1935. At the time of his death, testator left surviving him his wife, Mattie I. Lewis, and four children, Alwyn L. Lewis, Jesse Earl Lewis, Marguerite Lewis Green, and Reuben A. Lewis, Jr.

Alwyn L. Lewis died subsequent to the date of his father's death and prior to the date of his mother's death, leaving no issue of his body.

Reuben A. Lewis, Jr., died testate in 1948, which was subsequent to the date of his father's death and prior to the date of his mother's death. At the time of his death, Reuben A. Lewis, Jr., left surviving him his second wife, Catherine Mohan Lewis, two natural children by his first wife, Sarah; namely, Reuben A. Lewis, III, and Mitchell Ives Lewis; and he also

left an adopted daughter, Barbara Lewis Peck. Barbara Lewis Peck was the natural child of his first wife, Sarah, and had been adopted by him on September 25, 1925 under the laws of the State of New York. Reuben A. Lewis, Jr., left a will which was duly probated and which conveyed all his estate, real, personal and mixed to his second wife, Catherine Mohan Lewis, who subsequently, on November 25, 1953, executed a deed conveying to the two children of the body of Reuben A. Lewis, Jr.; namely, Reuben A. Lewis, III, and Mitchell I. Lewis, all of her right, title and interest in and to any part of the property involved in this litigation.

Mattie I. Lewis died testate in April 1953, leaving all her estate to her living children, Jesse Earl Lewis and Marguerite Lewis Green, who were both over the age of 25.

This suit was commenced on June 11, 1953. Complainants are Jesse Earl Lewis and Marguerite Lewis Green, while respondents are Barbara Lewis Peck, Reuben A. Lewis, III, Mitchell I. Lewis, and Catherine Mohan Lewis.

The trial court rendered a decree in which it held, in part, that Jesse Earl Lewis and Marguerite Lewis Green each own an undivided one-third interest in and to all the lands here involved; that Reuben A. Lewis, III, and Mitchell I. Lewis own the remaining one-third interest in the land, share and share alike, and that Barbara Lewis Peck owns no right, title or interest of any nature in or to any part of said lands.

Respondent, Barbara Lewis Peck, appealed from this decree, and contends that that part of the decree adjudging that she owns no right, title or interest in and to the land is erroneous. She contends that she is entitled to share equally in the undivided one-third which the court declared to be the property of her two half-brothers, Reuben A. Lewis, III, and Mitchell I. Lewis.

We must first determine whether Reuben A. Lewis, Jr., took a vested transmissible interest in the land under his father's will. If so, we need go no further, for in that event a one-third undivided interest in the land passed by Reuben A. Lewis, Junior's will to Catherine Mohan Lewis, and was conveyed by her deed to Reuben A. Lewis, III, and Mitchell I. Lewis.

Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person or upon an event which may or may not happen. Section 140, Title 47, Code of Alabama 1940.

In the will under consideration there are no words of a present gift to the devisees. This is an indication that no interest vested in them as of the death of the testator. Bingham v. Sumner, 206 Ala. 266, 89 So. 479; Watters v. First National Bank of Mobile, 233 Ala. 227, 171 So. 280.

■ If futurity is annexed to the substance of a gift, it is contingent; if merely annexed thereto as to the time of enjoyment, payment or delivery of possession, it is vested. Crawford v. Carlisle, 206 Ala. 379, 89 So. 565, and cases cited therein.

In the will under consideration, the testator provided that there was to be no division of the trust property until after the death of his wife and until his youngest child arrived at the age of twenty-five. At the time of division, he provided "surviving trustee shall divide the trust property between my children, share and share alike, the *child or children* of any deceased child taking the share which the parent would have taken if living." (Emphasis added.)

■ These words providing for division of the property are the only words in the will importing a gift, and indicate that the testator's intention was that only those of his children who were alive at the time of division, and any children of a deceased child who were living at that time, would take indefeasible estates in the property. Where the testator's intention is that only those who answer the description of devisees as given in the will at the time of dis-

tribution are to share in the estate, no transmissible estate vests until the time of distribution. McGlathery v. Meeks, 219 Ala. 89, 121 So. 67; Harrison v. Harrison, 213 Ala. 418, 105 So. 179; Bingham v. Sumner, supra; George v. Widemire, 242 Ala. 579, 7 So.2d 269, 275.

As said in George v. Widemire, supra:

" * * * It would seem equally clear, therefore, that the persons who are to take are such of the testator's children as might be living at the time of the distribution, and the children of such as might have predeceased. The vesting of the estate in interest, as well as in possession, in the children of the testator, depended upon their surviving the day of distribution. In other words, time is of the substance of the gift, and relates to the vesting of the legacies in interest, as well as in possession.

"It must be considered that the testator intended to create, as to his four children, contingent and not vested remainders, for where time is of the substance of the bequest and the event upon which it is to take effect, the survivorship of one over the other is always an uncertain or dubious event."

From an examination of the entire will, it appears that the testator's intent was to have his estate used to provide support and maintenance for his wife, children and the children of any of his children who might die before the time of division. This support was to be accomplished through the use of profits and the expenditure of the corpus of the trust if necessary. In Bingham v. Sumner, supra, this court construed a similar will and concluded that the testatrix intended to vest that portion of the estate which should survive the life tenant's power of disposition in those children of testatrix who should survive the life tenant. We conclude that such was the testator's intention in the case before us and that no transmissible interest vested in Reuben A. Lewis.

Appellant claims the right to share as a child in the one-third interest which her adoptive father would have received had he survived the date of distribution. Appellees' contention is that the terms of the will do not include an adopted child as one of those who are entitled to share. The clause of the will giving rise to the controversy reads:

" * * * the Birmingham Trust and Savings Company as surviving trustee shall divide the trust property between my children, share and share alike, the child or children of any deceased child taking the share which the parent would have taken if living * * *."

The question is whether or not the words "child or children of any deceased child" include an adopted child of a deceased child. In our opinion, they do not.

In Russell v. Russell, 84 Ala. 48, 3 So. 900, this court held that an adopted child of the testator was not entitled to share under a will containing the clause: " 'I give to my children two-thirds of all my personal and real estate.' " In that case, the court established that although a person is adopted, he is not the child of his adoptive parents and that the statute then in existence conferred upon him nothing but a mere right of inheritance, that is, a right to share in the estate left undisposed of by will.

The appellant argues that the laws respecting adoption have materially changed since the decision in Russell v. Russell, supra, and that under the present statutes that decision is not controlling. However, it will be noted that even the present statute, section 9, Tit. 27, Code 1940, confers upon a child adopted in another state only a right of inheritance under the laws of descent and distribution. This is not a case of inheriting property, but it is one where the right to share in the estate belongs only to those who are made beneficiaries by the will of Reuben A. Lewis, Sr. As stated in Russell v. Russell, supra:

"The legislature did not deem it necessary to make any provision in case a will was made; for, in such case, the testator usually directs in what manner his property shall go after his death. A will, unless it contravenes some provision of positive law, or some principle of public policy, is the law of the succession."

In In re Puterbaugh's Estate, 261 Pa. 235, 104 A. 601, 602, 5 A.L.R. 1277, the Supreme Court of Pennsylvania said:

"The case calls for no discussion of the several statutes relating to the adoption of children; these are clearly not involved, for, however construed, they could reflect no light on the one pertinent inquiry which has regard to testator's intention. It is not a question of the right of an adopted child to inherit, but simply a question of the testator's intention with respect to those who are to share in his estate. We see nothing in the will, or in the circumstances surrounding it, indicating any intention on part of the testator to include in his bequest to the child or children of his son, Harrison S., any but his immediate offspring."

The Supreme Court of Maine said in In re Woodcock, 103 Me. 214, 68 A. 821, 822, 125 Am.St.Rep. 291:

"When in a will provision is made for 'a child or children' of some other person than the testator, an adopted child is not included, unless other language in the will makes it clear that he was intended to be included, which is not the case here. In making a devise over from his own children to their 'child or children,' there is a presumption that the testator intended 'child or children' of his own blood, and did not intend his estate to go to a stranger to his blood. Blood relationship has always been recognized by the common law as a potent factor in testacy. In this case, Ella, the adopted child of Horatio, however fully his child in law, was not the grandchild of Horatio's mother, the testatrix, was not in any way related to her, was a stranger to her blood. The testatrix was under no sort of obligation, moral or family, to make any provision for her. We do not think it clear from the terms of her will that she intended Horatio's share to go out of the blood to a child by adoption only, and hence we hold that Ella, who was only a child by adoption, does not take anything under the will. Russell v. Russell, 84 Ala. 48, 3 So. 900; Schafer v. Eneu, 54 Pa. 304."

We can find nothing in the will before us that indicates an intention on the part of the testator to include an adopted child when he used the words "child or children." The appellant was not adopted until eight years after the will was executed. The adoption was accomplished in New York State where Reuben A. Lewis, Jr., resided at the time, and there is nothing in the stipulated facts to show that testator ever knew the appellant, Barbara Lewis Peck, or even knew that she had been adopted. Under these circumstances, we conclude that the terms of Reuben A. Lewis' will do not include any person other than a natural child of Reuben A. Lewis, Jr.

The decree is due to be, and is hereby, affirmed.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.