This appeal is taken by the guardian ad litem from a judgment construing a provision of an intervivos trust created by L.B. Whitfield, Jr., for the children of his two sons.
The trustee, John R. Matthews, Jr., filed a bill seeking a construction of the trust as to whether Vanda Whitfield, adopted daughter of L.B. Whitfield, III, falls within the clause "children now or later born to my son L.B. Whitfield, III," as it appears in the trust instrument.
The trial judge ruled that "Vanda Whitfield is a child of L.B. Whitfield, III, entitled to the benefits of a child born of L.B. Whitfield, III, upon the terms and conditions set out in the trust instrument."
The trust instrument was executed by L.B. Whitfield, Jr., on August 1, 1963. It was divided into two parts. One part made an irrevocable transfer of one half of certain assets in trust "for the benefit of the children now or later born to my son, L.B. Whitfield, III." Basically the trust provides that the trustee pay the income to the beneficiaries. [A like provision was made for the children "hereafter born" to the settlor's other son, Frank G. Whitfield.] Each trust also provided for a "pour-over" into the other trust should the beneficiaries of either trust all die without surviving issue.
L.B. Whitfield, III, had children at the time of the execution of the trust. As Frank G. Whitfield then had no children, the trust provided that its one half of the income would be accumulated until he had children. L.B. Whitfield, III, now has four natural children and the one adopted child, Vanda Whitfield. He is married for the third time. He is divorced from Vanda's mother. Frank G. Whitfield has one child. He is divorced. All the beneficiaries are parties to this litigation. Minors are represented by a guardian ad litem. The trustor is now deceased. Prior to his death he and his son Frank G. Whitfield signed the following instrument consenting for the trustee to treat Vanda Whitfield, the adopted child of L.B. Whitfield, III, the same as if she were born to him, viz:
 "We, the undersigned L.B. Whitfield, Jr., trustor in the trust agreement mentioned above, and Frank G.
 Whitfield, one of the sons of L.B. Whitfield, Jr., do hereby consent for Fred S. Ball, Jr., as trustee, to treat an adopted child of L.B. Whitfield, III, the same as if that child had been born to the said L.B. Whitfield, III, and to make distribution to such adopted child or for said child in the same manner as is provided with reference to distributions for children born to L.B. Whitfield, III.
"Signed this 24th day of July, 1972."
The basic issue on this appeal is whether Vanda Whitfield, the adopted daughter of L.B. Whitfield, III, is a beneficiary under the trust. To resolve that issue we must consider two questions, viz: (1) whether Vanda falls within the class to whom the gift is given — "children now or later born to my son L.B. Whitfield, III"; and, (2) whether any effect is to be given the 1972 "consent" executed by the trustor and Frank G. Whitfield.
Could a gift to "children now or later born to my son L.B. Whitfield, III" be any more plainly stated? The gift is clearly made to those grandchildren who had already been or would be born
to the son. Had the trustor intended that adopted children be included in his irrevocable trust it is passing strange that he would specifically use the words "born to my son." It seems obvious he intended to favor his blood descendants with the fruit of his bounty. Had the trustor intended to favor *Page 878 
those his sons legally adopted as well as his blood descendants, it would seem he could easily have accomplished this by saying so.
Thus, we think logic compels the result we reach which is that the trial court erred to a reversal in holding the adopted daughter to be included in the trust as a child "born to my son."
However, there are even more compelling reasons for the result we reach.
It has long been the rule of our decisions that "child" or "children" standing alone does not include "adopted children." InRussell v. Russell, 84 Ala. 48, 3 So. 900 (1887), the Court held, under statutory provisions regulating the adoption of children [Code of 1876, § 2745; Code of 1886, § 2367], that an adopted child is declared "capable of inheriting" the estate, real or personal, of the adopting parent, but that the statute is confined to cases of intestacy, or property left undisposed of by will and gives the adopted child no right to share with a child of the testator under the provisions of a will, devising property to the testator's "children," executed before the adoption, and not afterwards changed.
Russell was followed in Hamilton v. Smith, 264 Ala. 199,86 So.2d 283 (1956), in an opinion authored by Mr. Justice Merrill, wherein the Court held that the use of the words "born" and "birth," in the pretermission statute, is indicative that such statute was intended to apply only to natural children, and held that an adopted child does not become a pretermitted heir upon death of his adoptive parent, even though adoption was made final after execution of the will — which made no provision for contingency of after-born children. The Court stated, "A mere reading of this statute [the pretermission statute, Tit. 61, § 10, Code 1940] containing the words `born' and `birth' is indicative that it is intended to apply only to a natural child or children."
As a result of that decision the legislature amended Tit. 61, § 10, at the same time amending Tit. 27, § 5, so that they both read fundamentally the same as they do in the 1958 Recomplied Code.
The same year that Hamilton was rendered, Chief Justice Livingston wrote for the Court Peck v. Green, 266 Ala. 321,96 So.2d 169 (1957), in which this Court held that the words "child or children of any deceased child," in a will providing that trust property was to be divided between testator's children, share and share alike, the child or children of any deceased child taking the share which the parent would have taken if living, did not include adopted child of a deceased child of testator.
The same argument was made in the case at bar as was made in that case to the effect that the legislature had changed the adoption statute and the pretermission statute since the decisions in Russell and Hamilton and that therefore neither decision is controlling. This Court held, however, in Peck that the right to share in an estate belongs only to those made beneficiaries by the will. Thus, expressions of public policy, as pronounced by the legislature in statutes lawfully enacted, such as Tit. 61, § 10 [the pretermission statute] or Tit. 27, § 5 [inheritance by adopted children under descent and distribution statutes], do not control the right of a testator to direct in what manner and to whom his estate shall be distributed. "A will, unless it contravenes some provision of positive law, or some principle of public policy, is the law of succession." Russell v.Russell, supra.
In view of this Court's having rendered the Peck decision just six years prior to the execution of the trust instrument by trustor, it would seem evident that he and his attorney had a right to rely on that opinion. Since that decision held that "child or children" did not include an adopted child, one would have a right to *Page 879 
assume that the additional phrase "born to my son" would make assurance double sure.
We now proceed to the second question: what effect, if any, is to be given the 1972 "consent"? We conclude it is to be given no effect.
The trust is irrevocable. No unilateral action by the trustor could effect any change in the trust instrument. Nor could the trustor effect any bilateral change with another person such as has been attempted here. Trabits v. First National Bank ofMobile, 295 Ala. 85, 323 So.2d 353 (1975). The language of the trust itself with respect to the gift to "children now or later born to my son" is clear and unambiguous. It is only when the language in a trust is ambiguous that resort to extrinsic evidence is permitted. Trabits v. First National Bank of Mobile, supra; Ingalls v. Ingalls, 256 Ala. 321, 54 So.2d 296 (1951).
Appellee Vanda Whitfield argues that the execution of the "consent" indicates the trustor was uncertain as to whether Vanda was covered as a beneficiary and therefore executed the "consent" to make it certain that she was.
We take note that the "consent" does not even purport to modify the trust instrument. It merely consents that the trustee make distribution to Vanda as a beneficiary. Moreover, as appellant contends, a more logical argument is that the trustor was aware that the trust instrument did not permit distribution to Vanda as a beneficiary and, for that reason, he executed the "consent."
Whatever may be our views as to the soundness of our prior holdings that the word "children" in a will does not include adopted children, we think that use of the additional words "born to my son" make it clear that the trustor did not intend to include adopted children.
In conclusion, this appeal presents a question of law: Is an adopted child a beneficiary under the trust as falling within the class of "children now or later born to my son"? Under our decisions, we hold she is not. We reverse and render.
REVERSED AND RENDERED.
HEFLIN, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.