I dissent from Mr. Justice Jones' majority opinion because I agree with Mr. Justice Beatty's comment in his concurring opinion that such a holding "would set an undesirable precedent in the already tenuous area of testamentary construction."
I cannot agree with the majority that the words "lawful issue" in testator's will (when the same was executed in 1928) include "adopted children" just because in 1931 the legislature passed an act giving an adopted child the rights of inheritance from his adopting parents as if born to them in lawful wedlock.
I think a short history of our case law in this area is appropriate. In Russell v. Russell, 84 Ala. 48, 3 So. 900
(1888), this Court held that a gift to "child" or "children" did not include "adopted children."
Following Russell, this Court held, in Hamilton v. Smith,264 Ala. 199, 86 So.2d 283 (1956) that the use of the words "born" and "birth" in the pretermission statute was held to be indicative that such statute was intended to apply only to natural children and that an "adopted child" does not fall within the pretermitted heir statute.
Later, in Peck v. Green, 266 Ala. 321, 96 So.2d 169 (1956), this Court held that the words "child or children of any deceased child" in a will did not include the "adopted child" of deceased child of testator.
The 1931 act, (Tit. 27, § 5, Code of Alabama 1940) [now §26-10-5 Code 1975], is materially different from the statute which existed in 1888 when Russell was decided. The 1931 statute was, in Peck, held not to be controlling, no doubt, in part, because the will in Peck was executed in 1917. The state of the law at the time of that execution was undoubtedly the rule of the Peck case.
As I pointed out in the opinion in Whitfield v. Matthews,334 So.2d 876 (Ala. 1976) (which I authored for the Court), a testator and his attorney have the right to rely on the existing state of law at the time that a will is executed. InWhitfield, we held that a gift to "`children now or later born
to my son'" did not include an "adopted child" of the son.
In McCaleb v. Brown, 344 So.2d 485 (Ala. 1977), in a unanimous decision, we concluded that an "adopted child" is presumptively within the designation of the adopters' "descendants" unless the context or circumstances clearly establish a contrary intention. I think this holding is consistent with our prior holdings. What makes McCaleb clearly distinctive from Peck is that, in Peck, the will was executed before the 1931 statute while, in McCaleb, the deed was executed after the 1931 statute was enacted.
In Zimmerman v. First National Bank of Birmingham,348 So.2d 1359 (Ala. 1977) (another case I authored for the Court), we held, inter alia, that the phrase "my daughter's children" included persons "adopted" by the daughter, following McCaleb.
In Zimmerman, we discussed the contention that testators may have relied on previous case law to the effect that the term "children" does not include "adopted children," the holding ofRussell and Peck. We showed that this argument was vitiated, inZimmerman, because testators had an existing *Page 861 
adopted grandchild at the time of execution of the instruments in 1958, and spoke of the daughter's children in terms of "him or her" although the adopted child was the only female child then existing. Thus, it was clear that testators contemplated the term "children" to include "adopted children." Moreover, the instruments in question were executed after the 1931 act.
To summarize, I think our case law up to this point is consistent.
I concur in the views expressed by TORBERT, C.J., and ALMON, J., in their respective dissenting opinions.