This appeal lies from an action to determine if the term "descendants" as used in the testamentary trust created by the wills of Isaac and Rosa Fabian includes the two adopted children of their nephew, Ivan Blach. The trial court ruled that "descendants" or "surviving descendants" as used in the testamentary trusts did include the adopted children, Cathy and Robert, and concluded that the adopted children were entitled to one-half of the trust estate. We affirm.
The undisputed facts are, as follows:
In 1952, Isaac and Rosa Fabian executed wills that created a testamentary trust. This testamentary trust provided that the trust income would be paid either to the surviving spouse, or to Abe Klotzman, for life, and then the trust would terminate and the estate would go to the three named nephews of Isaac and Rosa Fabian. The named nephews were Colman, Ralph and Ivan Blach. The wills further provided that if a nephew died before the life-income beneficiary, then that nephew's share would go to his descendants. The wills also provided that if any one or more of the nephews died without leaving "descendants" that his share would go to the "descendants" of the other nephew(s).
At the time of the execution of the wills neither Ivan nor Colman had any natural or adopted children; Ralph had two natural children Rosalie and Ralph Blach, III. In 1957, Ivan Blach adopted Cathy Blach; in 1960, he adopted Robert Blach.
Isaac Fabian died in November 1962; Rosa Fabian died in January 1963. Ivan, the last of the three nephews, died in 1965. Abe Klotzman, the life-income beneficiary, died on April 23, 1977.
The pertinent provision of Rosa Fabian's will is, as follows (Isaac Fabian's will contained the same provisions with regard to the trust and distribution upon termination of the trust.):
 "The trust created under this will shall continue until the death of my said husband, Isaac Louis Fabian, and my said brother, Abe Klotzman. Upon the termination of this trust, the trustees shall transfer and pay over two-thirds of said trust estate as follows: One-third to Ralph C. Blach and one-third to Ivan K. Blach, free of trust, and if either of said beneficiaries should be dead, his share shall be transferred and paid over to his descendants share and share alike per stirpes; the trustees shall continue to hold the remaining one-third of said trust estate in trust for my nephew, Colman Blach, until he shall reach fifty (50) years of age, during which time the trustees or their successors shall pay to him the income from said one-third share of the trust estate annually, or at such other time as the trustees may deem proper. Upon Colman Blach arriving at the age of Fifty (50) years, the trustees shall transfer to him his said one-third share of the trust estate free from trust; in the event that Colman Blach should die before he reaches the age of fifty (50) years, leaving descendants, then said one-third part of said trust estate shall be transferred and paid over to such descendants in equal shares, free from trust, and if said Colman Blach should die before reaching the age of fifty (50) years without leaving any descendants, then the trustees shall transfer and pay over said one-third share in equal shares to Ralph C. Blach and Ivan K. Blach, brothers of said Colman Blach, and if either of said brothers then be deceased leaving descendants, then the share which would have gone to such deceased brother, shall be transferred and paid over to his descendants in equal shares per stirpes, and if such deceased brother leaves no descendants then surviving, the share which such deceased brother would have taken if living shall go to the other brother, if living, or to his descendants if he then be dead." (Emphasis supplied.)
The appellants contend that prior to this Court's decisions in McCaleb v. Brown, 344 So.2d 485 (Ala. 1977), Zimmerman v.First *Page 800 National Bank of Birmingham, 348 So.2d 1359 (Ala. 1977), andSouthside Baptist Church v. Drennen, 362 So.2d 854 (Ala. 1978), that the law of construction was that descriptive class terms, such as "children," "issue," and "descendants," when used in a testamentary instrument, presumptively did not include adopted children. In support of this contention, they cite Whitfield v.Matthews, 334 So.2d 876 (Ala. 1976) (and cases cited therein);Peck v. Green, 266 Ala. 321, 96 So.2d 169 (1957); Gamble v.Cloud, 263 Ala. 336, 82 So.2d 526 (1955); Russell v. Russell,84 Ala. 48, 3 So. 900 (1888). Thus, they argue, the state of the law at the time of the execution of the wills (1952) and up until the testators' deaths (1962, 1963) was such that adopted children were not included within the class of persons described in their wills as "descendants." The appellants further argue that McCaleb v. Brown, Zimmerman v. FirstNational Bank of Birmingham and Southside Baptist Church v.Drennen should be applied prospectively only.
In 1931, a statute was passed which allowed adopted children to inherit property by and through their adoptive parents. Act No. 405, Acts of Alabama, 1931, p. 504. In McCaleb v. Brown, this Court stated that adopted children are "presumptively within the designation of the adopter's descendants unless the context or circumstances clearly establish a contrary intention." 344 So.2d at 489. In view of the fact that scriveners were put on notice after 1931 that adopted children would be treated the same as natural children, and in view of the public policy extant at the time the wills were drawn and in the present case, by looking only at the wording of the wills, we determine that the testators, by using the term "descendants," intended to include the two adopted children.
The appellants contend that the trial court was in error in refusing to admit evidence as to "context and circumstances" which "clearly established a contrary intention." The evidence refused was (1) Rosa Fabian executed a trust agreement in 1960, which specifically included adopted children in its provisions; (2) The scrivener, at the time of the execution of the will, acted under the assumption that adopted children were not included within the term "descendants"; (3) In 1977, the life-income beneficiary, Abe Klotzman, altered the disposition of his own personal estate so as to equalize the distribution among the four children; and (4) In 1977, a meeting held between a member of the Trustee Bank, the life-income beneficiary and the scrivener in which the conclusion was reached that the adopted children would not take as "descendants" under the testamentary trust.
It should first of all be noted that the court will not look beyond the "four corners of the instrument" unless latent ambiguities exist. Meglemry v. Meglemry, 222 Ala. 229,131 So. 906 (1931); Achelis v. Musgrove, 212 Ala. 47, 101 So. 670
(1924).
In cases such as this where a latent ambiguity arises, the following rule regarding the admissibility of parol evidence is applicable:
 "Where a will is susceptible of construction, the decisions are uniform to the effect that the court, by way of parol evidence, will put itself, as far as possible, in the place of the testator, and in so doing, take into consideration the circumstances surrounding testator at the time he prepared and executed the will. . ." (Emphasis supplied.) Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458
(1930).
The evidence attempted to be introduced in the trial court did not in any way relate to the intent of the testators at the time of the making of the will; thus the trial judge was correct in refusing to admit the evidence. The only evidence which relates to the time of the making of the will is that of the scrivener's interpretation of the meaning of the term based upon existing case law, but his testimony is clear in stating that the issue of whether adopted children would inherit was not discussed by any party during the drafting and execution of the wills. Rather than indicating an intent to exclude the two adopted children, the facts are clear that both children were *Page 801 
adopted while the testators were still alive. As stated inMcCaleb v. Brown, had the testators desired to exclude the adopted children it could have easily been done "with a word or two." 344 So.2d at 488.
The appellants further argue that Isaac and Rosa Fabian made a class gift to the "descendants" of their nephews. They contend that the class closed in 1965, at the death of the last surviving nephew and at that time the "descendants" obtained a vested, alienable, perfected and indefeasible estate. They argue that in 1964, the term "descendants" did not include adopted children and therefore to deprive the natural children of any of their property interest would be a taking of property without due process of law.
We reject this argument. This Court has interpreted the public policy of this state to be that adopted children are treated the same as natural children, unless a desire to exclude them is clearly indicated by the testator.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES and SHORES, JJ., concur.
BEATTY, J., concurs in the result.