WELCH *v.* FUNCHESS, et al.

April 12, 1954

No. 39197      60 Adv. S. 14      71 So. 2d 783

*Barnett, Jones & Montgomery,* Jackson, for appellant.

*Henley, Jones & Woodliff,* Hazlehurst and Jackson, for appellees.

ROBERDS, P. J.

This appeal involves the validity and effect of an adoption proceeding.

On December 9, 1912, John W. Funchess and his wife Laura V. Funchess filed a petition in the Chancery Court of Copiah County, Mississippi, seeking the adoption of Nellie Christine Funchess, then some ten months of age. This petition states the petitioners desired to adopt the child "and give her all the rights under the law of a child of their own, with right of inheritance and all other rights." The petition stated the child was a foundling and petitioners did not know the names or identity of the parents, or either of them. No guardian, or next friend, was appointed to represent the minor. It was an ex parte proceeding.

On the same day the chancery court rendered a decree, reciting that evidence was taken; that the names and whereabouts of the parents of the child were not known and could not be ascertained, and that petitioners were proper persons to have the care and custody of the minor. It then decreed adoption in petitioners and recites "that said child have all the rights under the law of this state, now and hereafter, that she would have if the legal child of petitioners, with right of inheritance from them and each of them, and all other rights of a child of said petitioners, or either of them."

Christine lived in the home of Mr. John W. Funchess and his wife Laura Funchess until the death of Mr. John W. Funchess, intestate, March 16, 1933. His heirs at law were his wife and five natural children and Christine, his adopted daughter. They divided among themselves the estate of John W. Funchess. Nellie Christine Funchess took the same share as a natural child, no contest being made by the other parties.

Nellie Christine Funchess married Douglas Welch December 21, 1935. Three children were born of this marriage. It is in evidence that Mrs. Laura V. Funchess visited the Welch family and treated them and their children as a natural mother would have done until the death of Mrs. Laura V. Funchess, the exact date of which being uncertain. It seems to be assumed that Mrs. Welch

shared as did the natural children of Mrs. Laura V. Funchess in whatever estate she may have left.

On May 3, 1952, H. T. Funchess departed this life intestate. Floyd Funchess, a brother of H. T., was appointed administrator of his estate by the Chancery Court of Copiah County, and Floyd qualified as such administrator. The natural heirs of H. T. Funchess were Mrs. Lilly F. Allen and Mrs. Maybelle Wade, sisters, and Troy A. Funchess and Floyd Funchess, brothers. These same four persons, along with H. T. Funchess, were the natural children and heirs at law of Mr. John W. Funchess and Mrs. Laura V. Funchess, and as above stated, said five children, along with the widow of John W. Funchess and Nellie Christine Funchess, the adopted daughter, shared as heirs in the estate of John W. Funchess, and apparently in whatever estate was left by Mrs. Laura V. Funchess upon her death, all as above stated.

On November 20, 1952, Nellie Christine Funchess Welch filed in the Chancery Court of Copiah County the petition now under consideration, asserting that by virtue of her said adoption by John W. Funchess and Laura V. Funchess she was entitled to share as a foster sister in the estate left by H. T. Funchess, deceased, her foster brother. She made defendants to her petition Mrs. Lilly F. Allen and Mrs. Maybelle Wade, the natural sisters, and Troy A. Funchess and Floyd Funchess, the natural brothers of H. T. Funchess, deceased, as well as Floyd Funchess, the administrator of the estate.

The defendants, by their answer, contend (1) that the purported adoption of Nellie Christine Funchess by John W. Funchess and Laura V. Funchess was void and a nullity because it was an ex parte proceeding, without process on any one, but, if not, (2) that such adoption proceeding could not confer upon Christine the right to inherit from H. T. Funchess, and that, conceding the proceeding to be valid and legal, its effect was to limit Christine's right of inheritance to John W. Funchess and Laura V. Funchess, the adopting parents. Appellant

says, in response to this, that appellees are estopped to question the legality of the adoption proceeding because they assented to the participation by appellant in the distribution of the estates of John W. Funchess and Laura V. Funchess under rights conferred upon her by the adoption proceeding. The Chancellor only passed upon the second contention above stated. He held that, conceding the legality of the adoption proceeding, it did not confer upon appellant the right of inheritance from H. T. Funchess, and dismissed the bill.

Likewise we pass only upon that question, and we think the chancellor was clearly right in his conclusion.

The able brief of appellant covers a broad scope. It cites cases and discusses statutes from a great many of the states. However, so far as Mississippi is concerned, we think the question was settled by the case of Reeves v. Lowe, 213 Miss. 152, 56 So. (2d) 475. That case involved the right of the adopted child to inherit, by representation of the adoptive parent, from a sister of the adoptive parent where the foster parent predeceased such sister. Here the attempt is to inherit from a son of the foster parents where the adoption proceeding conferred the right on the adopted child to inherit from such parent. The principle is the same in the two cases. The Reeves case discussed the statutes and rules and authorities of other states, as well as those of Mississippi, including our inheritance statutes, and concluded that while an adopting person may vest inheritable rights upon the person adopted in the estate of the adopter, he cannot impose that burden upon the estate of another. ▪▪ Although by adoption the adopters can make for themselves an heir, they cannot thus make one for their kindred. One cannot adopt an heir for a third person. H. T. Funchess was not a party to the adoption proceeding.

▪▪ But appellant says the wording of the decree of adoption in this case extended the right of inheritance beyond the adopting parents. The decree is quoted above.

We think there are three answers to the contention. The rights conferred in the decree are limited by the words of the decree to rights flowing through the adopting parents; the words of the decree purporting to describe rights in addition to the right of inheritance have reference to domestic relations between the parents and the child, but, if such words purport to extend inheritable rights, neither the petitioners nor the court had the power to impose such rights on the estate of H. T. Funchess.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ.*, concur.