GRAY, et al. *v.* MORGAN, et al.

No. 41094          March 23, 1959          110 So. 2d 346

*King & King,* Jackson, for appellants.

*Brunini, Everett, Grantham & Quin,* Vicksburg, for appellee.

McGEHEE, C. J.

The real parties in interest to this litigation are the appellants Myrtle Gray and Isaiah Leitaker, sister and

brother, and Elena Williams Davenport, the adopted child of John Coffee and his wife Mamie L. Coffee, now deceased.

The subject matter of the litigation is the property of which Sallie Shelton Morgan, the sister of Mamie L. Coffee, died seized and possessed on February 28, 1958, in Warren County, Mississippi.

John Coffee and his wife, Mamie L. Coffee, obtained from the Chancery Court of Warren County on November 15, 1922, a decree for the adoption of Alene Williams and the change of her name to Elena Williams Coffee, upon their petition in that behalf. In their petition the adoptive parents proposed ''to make said minor, when adopted, their heir at law and to care for, rear, educate, support and maintain said minor the same as if she were their natural child; * * *.'' The degree granted the prayer of the petition, thereby adjudicating the rights, duties and responsibilities of the adoptive parents and the adopted child, as provided for under Section 1269, Code of 1942, which had been brought forward, with slight amendments not material here, from the Code of 1871. This statute will be hereinafter referred to as the old adoption law. But said statute was later repealed by Chapter 34 of the Extraordinary Session of the Legislature of 1955 (Sections 1269-01 to 1269-13, inclusive, Code of 1942 Rec., in which Section 1269 states: Repealed by Laws 1955 Ex. ch. 34, ''but continued in effect as to all proceedings filed prior to the effective date of the repealing act,'' which was July 1, 1955.)

Section 1269-06, Code of 1942 Rec., provides among other things that: ''The final decree shall adjudicate, in addition to such other provisions as may be found by the court to be proper for the protection of the interests of the child, and its effect unless otherwise specifically provided, shall be that (a) the child shall inherit from and through the adopting parents and shall likewise in-

herit from the other children of the adopting parents to the same extent and under the same conditions as provided for the inheritance between brothers and sisters of the full blood by the laws of descent and distribution of the State of Mississippi, and that the adopting parents and their other children shall inherit from the child, just as if such child had been born to the adopting parents in lawful wedlock; (b) the child and the adopting parents and adoptive kindred, are vested with all of the rights, powers, duties and obligations, respectively, as if such child had been born to the adopting parents in lawful wedlock, including all rights existing by virtue of section 1453 of the Code of 1942; provided, however, that inheritance by or from the adopted child shall be governed by sub-section (a) above; * * *.'' The foregoing provision is of course a part of the new adoption statute of 1955.

Section 1269-10 thereof, entitled ''saving clause,'' provides: ''The provisions of this act shall not affect nor apply to any adoption proceeding filed prior to the effective date hereof, except as provided in Section 7 above, provided however, the petitioner in such pending proceedings may elect to proceed under the provisions of this act by filing an amended petition or an amended bill for adoption expressly electing to be bound by the provisions hereof.''

Section 1269-12, entitled ''repealing clause,'' reads as follows: ''Section 1269 of the Mississippi Code of 1942 is hereby repealed; provided however, that the provisions of said section shall notwithstanding such repeal be applicable to and shall govern and determine the courts in the disposition of all adoptive proceedings filed prior to the effective date of this act; and all other laws, to the extent that such other laws are in conflict with the provisions of this act, are hereby repealed.''

The record discloses that Mamie L. Coffee died during the year 1947, and that John Coffee predeceased

her; that they had no natural children of their own; and that Mamie L. Coffee died testate after having executed a last will and testament which devised and bequeathed the furniture in the front room of her house to the daughter of her deceased husband (John Coffee) and the remainder of her property, both real and personal, to her sister, who was at the time of her death on February 28, 1959, Sallie Shelton Morgan, who died intestate. The intestate was an elderly woman who had operated a store in the City of Vicksburg in Warren County for many years and until only a few years prior to her death. She evidently left some property of material value.

We deem it unnecessary to discuss the will of Mamie L. Coffee, which was not contested, other than to say that she then had the legal right to have disinherited a natural child had she had one and had seen fit to do so. At any rate, we do not base our decision herein upon the fact that she disinherited the adopted child.

The new adoption statute of 1955 greatly enlarges the rights of adoptive parents and an adopted child in many particulars as compared with the rights, duties and responsibilities of each to the other under the old law, and abrogated the rights, duties, and responsibilities as between an adopted child and its natural parents in certain particulars, but we do not think that the new law, Chapter 34, Laws Ex. Session of 1955, is applicable in the case at bar.

Under the old adoption law the adopted child, Elena Williams Davenport, was not entitled to inherit from her adoptive mother's sister, Sallie Shelton Morgan, as held in the cases of Reeves, et al v. Lowe, 213 Miss. 152, 56 So. 2d 475, and Welch v. Funchess, 220 Miss. 691, 71 So. 2d 783.

The third paragraph of Section 1269-07, Code of 1942 Rec., provides as follows: "Any child heretofore adopted under the laws of the State of Mississippi and

any child who may have been adopted under the provisions of this act, may be re-adopted under the provisions hereof. If any such prior adoption is valid, and the re-adoption proceedings be instituted by the persons who previously adopted the child, there shall be no waiting period and no investigation and no interlocutory decree, and a final decre of adoption may be granted by the court ex parte if it be to the best interest of the child that it be re-adopted. If the re-adoption be by any person who was not a petitioner in the prior adoption or adoptions, then in such re-adoption proceedings, the persons who previously adopted the child shall be substituted in the place and stead of the natural parent and the same procedure shall be followed as if such child sought to be re-adopted was being for the first time adopted under the provisions of this act. Upon motion of any interested person, the files of adoption proceedings, heretofore had may be placed in the confidential files upon order of the court or Chancellor and shall be subject to the provisions of this section.''

In Vol. 50 Am. Jur., Statutes, Sec. 478, page 498, there appears the following statement: ''* * where the intention of the legislature to make the statute retro-active is not stated in express terms, or clearly, explicitly, positively, unequivocally, unmistakable, and unambiguously show by necessary implication or terms which permit no other meaning to be annexed to them, preclude all question in regard thereto, and leave no reasonable doubt thereof.''

When paragraph 3 of Section 1269-07 is considered along with Section 1269-10, ''the saving clause,'' and Section 1269-12, ''the repealing clause,'' of the new adoption statute, we have concluded that the new adoption law has no effect upon nor does it apply to any adoption proceeding filed and consummated prior to July 1, 1955, but applies only to such adoption proceedings as were pending in the chancery courts of this State on the ef-

fective date of the new adoption statute, July 1, 1955, and applies to those only if such pending proceedings are amended so as to come under the provisions and benefits of the new adoption law; that it was never intended for the new adoption statute to affect or apply to the rights, duties and responsibilities of adoptive parents and adopted children respectively where the final decree of adoption was rendered many years prior thereto, and that the same was not intended to affect or apply to any adoption proceeding pending on the effective date of the new adoption statute unless the petitioner or petitioners in such proceeding should elect to proceed under the provisions of the new act by filing an amended petition or an amended bill for adoption expressly electing to be bound by the provisions of the new adoption law.

It is conceded in this case that unless the said Elena Williams Davenport, the adopted child of John Coffee and his wife Mamie L. Coffee, is entitled to inherit the property of the sister of her said adoptive mother that the appellants Myrtle Gray and Isaiah Leitaker are entitled to the property of Sallie Shelton Morgan as her next of kin through their maternal ancestry, they having acquired by assignment and transfers the interest of the other blood relatives of equal status to the deceased Sallie Shelton Morgan.

■■■ We desire to make it clear that we fully recognize that those adopted under the old law are entitled to a re-adoption under the new statute by complying with the procedure therein provided. In others words, if John Coffee and Mamie L. Coffee had been living on the effective date of the new adoption statute they could have re-adopted Elena Williams Coffee by following the procedure provided for under the said Chapter 34, Laws Ex. Sess. 1955, since she was still alive.

We have examined Chapters 285 and 267, Laws of 1958, enacted on February 21 and April 2, 1958, re-

spectively, and have concluded that these amendments should have no controlling effect on our decision in the instant case. Section 3 of Chapter 285 relates to the rights of adoptive parents and adopted child under the wrongful death statute, Section 1453, Code of 1942; and the provisions of Chapter 267 do not affect or apply to the issue involved in the instant case.

Reversed and judgment here for the appellants.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.*, concur.