BRADLEY, Judge.
This is a will construction case.
Edd Moss, Sr. died in 1946, leaving a will devising all of his property to his nine children. The will divided the nine children into two groups. The first group was composed of three of his sons, Johnnie Winston Moss, Edd Moss, Jr., and Maxie Moss, who had remained with the testator and helped him work the property. The second group was composed of the testator’s remaining six children, most of whom had found the means to financially support themselves. The testator’s will provided in pertinent part:
After giving considerable thought to the manner of making proper provision for my four said children, it is my will and desire, and I do hereby will, devise and bequeath unto my son[s], Johnnie Winston Moss and Edd Moss, Jr., and Maxie Moss all of the rest, residue and remainder of my estate, real personal and mixed, of every nature, kind and description, wheresoever situate, of which I may die seized and possessed, or to which I may be entitled at the time of my decease; to have and to hold the same unto my three said sons, Johnnie Winston Moss and Edd Moss, Jr., & Maxie Moss, for and during the term of their natural lives and at the death of the survivor, the remainder of my estate shall be divided equally between my other six children. Should either of said children be deceased at the *1070 death of the survivor of my three said sons, Johnnie Winston Moss and Edd Moss, Jr., & Maxie Moss, leaving children or other heirs, then the children or other heirs shall receive the respective share of my estate which my said deceased child would have received if living.

... It is my intention that my sons, Johnnie Winston Moss and Edd Moss, Jr., and Maxie Moss shall have the use of my real estate during the remainder of their lives as herein set forth; they shall also have the right and privilege of using and disposing of any of the personal property which I own at the time of my decease in any manner they so desire, but such personal property as they have at the death of the survivor of them, which came from my estate, shall pass to my other children or their heirs equally as herein set forth.
According to the provisions of the will, Johnnie Winston Moss, Edd Moss, Jr., and Maxie Moss received a life estate in the testator’s property, and upon the death of the survivor of the three, the remainder was to pass to the testator’s other six children equally.
Of the six remaindermen, one was an unmarried daughter. The will instructed the three life tenants to support the daughter, and provided that if the daughter should survive the three life tenants, she would receive “her undivided one-sixth interest” in the estate along with the other remaindermen.
The plaintiffs in this case are the surviving members of the group of remaindermen under the will, and the descendants of the deceased members of that group. Defendants are the widow and children of Edd Moss, Jr., one of the three life tenants (all of whom are now deceased).
On October 14, 1980 plaintiffs filed an unlawful detainer/ejectment action against defendants, alleging that defendants had unlawfully taken possession of the property designated under the will and had cut timber from the land for their own benefit. The complaint was later amended to include a count for conversion. On May 21, 1981 defendants filed a counterclaim, alleging that the will of Edd Moss, Sr. was ambiguous and unclear in that it could be erroneously construed to exclude the descendants of the three life tenants from sharing in the remainder interest. The counterclaim further alleged that it was the testator’s intention to provide for all of his grandchildren, including the descendants of the life tenants, and that since the will did not clearly express that intention, a constructive trust should be imposed in favor of the descendants of Edd Moss, Jr.
Plaintiffs thereafter filed a motion for summary judgment on the counterclaim. The motion was denied. The trial court thereafter took briefs and heard oral arguments on the counterclaim and objections thereto. The court finally determined that the will was not ambiguous, and that the property in question was owned jointly by the six remaindermen.
Plaintiffs thereafter filed a motion for summary judgment on the remaining issues in the complaint. The trial court granted a limited summary judgment on the fact of defendants’ possession of the land in question and awarded plaintiffs the property in question, but reserved the remaining issue of damages for decision at trial. The case was submitted on a stipulation of facts, and on February 16, 1982 the court rendered a judgment incorporating the limited summary judgment awarding the property to plaintiffs, and granting to plaintiffs the stipulated sum of $5,228.51 in damages. Defendants appeal from that judgment.
Defendants contend on appeal that the trial court’s ruling that the will of Edd Moss, Sr. was not ambiguous was error. Defendants maintain that the testator intended to benefit all of his grandchildren, including the descendants of the three life tenants, and to the extent that the will does not express that intention, it is ambiguous. They offer in support of that argument the affidavit of Sadie Moss, the widow of Edd Moss, Jr., stating that the testator had expressed such an intention in her presence. Defendants further argue that since the will is ambiguous, the trial court erred in *1071 failing to impose a constructive trust in their favor.
We cannot agree with defendants’ argument. The testator’s will clearly provides that Johnnie Winston Moss, Edd Moss, Jr., and Maxie Moss were to take a life estate in the property, with the remainder interest to be “divided equally between my other six children” (emphasis ours). The will further provides that if any of the “said children” should be deceased “at the death of the survivor of my three said sons,” then the descendants of the “said children” shall receive “the respective share of my estate which my said deceased child would have received if living.” The language of this provision clearly excludes the descendants of the three life tenants from sharing in the remainder interest. Our finding is further supported by the language in following paragraphs stating that the unmarried daughter should receive “her undivided one-sixth interest” (emphasis ours) in the estate provided she survived the life tenants.
We are aware, as defendants point out, that the intention of the testator is the controlling factor in will construction cases. Robertson v. United States, 310 F.2d 199 (5th Cir.1962); Rowe v. Newman, 290 Ala. 289, 276 So.2d 412 (1972). However, that intention is to be gleaned from the four corners of the will, Rowe v. Newman, supra, and when the will is unambiguous and clearly provides for the orderly distribution of the testator’s estate, as it does in the present case, the court cannot look beyond the provisions of the will in order to effect a different result. Gotlieb v. Klotzman, 369 So.2d 798 (Ala.1979).
We therefore affirm the judgment of the trial court finding that the will of Edd Moss, Sr. was not ambiguous, and that plaintiffs were entitled to the property in question. Since we find that the will is not ambiguous, we find no reason to impose a constructive trust in favor of defendants.
Defendants make some mention in brief that the trial court’s grant of a limited summary judgment on the issue of defendants possession of the land was erroneous. It does not appear that defendants contest the court’s finding that they were actually in possession of the land, but rather they contest the finding that the possession was unlawful. In light of our decision on the first issue, we must affirm the grant of the limited summary judgment on the issue of possession, since upon the death of the life tenant his descendants have no right or interest in the property in question. The continued possession by the descendants of the deceased life tenant was, therefore, unlawful.
For the foregoing reasons the judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.